UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| FRANCISCO G. AYALA,<br><br>               Plaintiff,<br>    v.<br>CITY OF HAYWARD, *et al.*,<br><br>               Defendants.<br>_____/ | No. C 10-02709 LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [ECF No. 5] AND GRANTING PLAINTIFF LEAVE TO AMEND** |

**I. INTRODUCTION**

In this civil rights action alleging claims under 42 U.S.C. § 1983 and state law, Plaintiff Francisco Ayala sues a Hayward police officer, the Hayward police chief, and the City of Hayward, alleging that after police officers pulled him over on June 21, 2008 for an unknown reason, he was bitten by a police dog and attacked by police officers. He alleges that the attack was unprovoked and caused serious injuries to his upper body and bruising all over his body. 6/21/10, ECF No. 1 at 2-3, ¶¶10-15. Defendants moved to dismiss the complaint, arguing that (A) Plaintiff's pendent state tort claims are barred because Plaintiff did not give timely written notice of his claims to the City within six months, as required by the California Tort Claims Act, and (B) Plaintiff's federal claims contain only legal allegations and insufficient factual allegations to establish the federal claims. 7/28/10 Motion to Dismiss, ECF No. 5 at 3-4, 7-8.

The court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. The Court dismisses the following claims without prejudice and with leave to amend: (A) the pendent

Order (C 10-02709 LB)

1  state tort claims (ten through thirteen) for failure to allege timely written notice of the claims to the
2  City; (B) federal claims one, three, and five through nine against the City and police chief for failure
3  to allege liability under *Monell v. Department of Social Services*; (C) claim five because it pleads no
4  facts beyond a Fourth Amendment excessive force claim; (D) claims six and seven with leave to
5  amend to plead as one claim with the proper allegations about impermissible motive based on race
6  or national origin; (E) claim eight because it alleges no facts about denial of police protection; and
7  (F) claim nine for failure to allege a conspiracy properly. The Court dismisses the following claims
8  with prejudice: (A) claim four because it duplicates claim one; and (B) claim two because it
9  duplicates claim three.

## II. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

If the court dismisses the complaint, it should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkis and Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## III. DISCUSSION

**A. State Law Claims (Ten Through Thirteen) Are Dismissed**

Plaintiff claims that the officers' conduct constituted state law torts: assault (claim ten), battery (claim eleven), conspiracy (claim twelve), and intentional infliction of emotional distress (claim thirteen). Complaint, ECF No. 1 at 7-10, ¶¶ 35-56. Defendants respond that Plaintiff's tort claims are barred because he did not give timely written notice of his claims to the City within six months,

**UNITED STATES DISTRICT COURT**
*For the Northern District of California*

1  as required by the California Tort Claims Act. Motion to Dismiss, ECF No. 5 at 3-4. Because
2  Plaintiff did not plead that he gave written notice, the court dismisses the claims without prejudice.
3      Under the California Government Tort Claims Act, before filing a suit for damages against a
4  public entity or government official for claims regarding a cause of action for injury, a claimant
5  must present a written claim to the agency within six months of the accrual of the action. Cal. Gov.
6  Code §§ 905, 911.2(a), 915, 945.4; *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234,
7  1239 (2004). The purpose is to provide the public entity sufficient information so that it may
8  investigate claims and settle them, if appropriate, without the expense of litigation. *City of San Jose*
9  *v. Superior Court*, 12 Cal. 3d 447, 455 (1974). The agency must accept or reject the claim within 45
10 days. Cal. Gov. Code 912.4. Thereafter, a plaintiff has six months to file a lawsuit. Cal. Gov. Code
11 § 945.6(a)(1). If a suit against a public entity is barred for noncompliance with the claim procedure,
12 a suit against an employee "for injury resulting from an act or omission in the scope of his
13 employment" also is barred. Cal. Gov. Code § 950.2.
14     If Plaintiff failed to provide the notice required by the California Tort Claims Act, then his state
15 tort claims are barred. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir.
16 1988); *Bodde*, 32 Cal. 4th at 1239. Courts have treated this requirement as an essential fact that the
17 plaintiff must plead to state a claim. *Karim-Panahi*, 839 F.2d at 627; *Bodde*, 32 Cal. 4th at 1239.
18     Plaintiff did not respond to Defendants' allegation that he did not give written notice. In any
19 event, he must allege compliance or his excuse for non-compliance in his claims. Because he did
20 not, the court dismisses his state claims without prejudice.
21 **B. Claims One Through Nine Against City and Chief Dismissed**
22     Plaintiff's section 1983 claims name all defendants. Because Plaintiff did not allege that the city
23 and police chief failed to train police officers or had a policy and practice of ignoring excessive
24 force and wrongful arrests or seizures, the court dismisses all claims as to the City and chief. *See*
25 *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).
26     The City is not liable under section 1983 solely because it employs police officers who use
27 excessive force or commit torts. *See, e.g., id*. Instead, Plaintiff must identify a municipal "policy"
28 or "custom" that caused the injury. Put another way, a municipal's deliberate conduct must be the

Order (C 10-02709 LB)
3

1 moving force behind the injury: there must be a causal link between the municipal action and the
2 deprivation of the federal right. *Id.* at 694.

3 Inadequate police training is a basis for liability under section 1983 if the following factors are
4 established: (1) the training is inadequate for the tasks that police officers perform; (2) the failure to
5 train amounts to deliberate indifference to the rights of persons like Plaintiff who come into contact
6 with the police; and (3) the inadequate training actually caused the constitutional injury. *See City of*
7 *Canton v. Harris*, 489 U.S. 379, 388-89 (1989); *Merritt v. County of Los Angeles*, 875 F.2d 765, 770
8 (9th Cir. 1989). That happens when the municipality makes a deliberate, conscious choice, and the
9 resulting deficient training has a direct, causal link to the deprivation of federal rights. *See City of*
10 *Canton*, 489 U.S. at 388.

11 Similarly, a deliberate policy of failing to investigate (and therefore tolerating) excessive force
12 or wrongful arrests also requires a deliberate choice that has a direct, causal link to the deprivation
13 of rights. *See Saman v. Roberts*, 173 F.3d 1150, 1157 (9th Cir. 1999) (finding no *Monell* liability
14 because there was no excessive force); *Henry v. County of Shasta*, 132 F.3d 512, 520 (9th Cir. 1997)
15 (failure to fire or reprimand officers shows policy of deliberate indifference to their misconduct).

16 In his complaint, Plaintiff alleges only that the City of Hayward is "responsible for the policies,
17 procedures, and practices implemented through its various agencies, agents, departments and
18 employees, and for injury occasioned thereby." Complaint, ECF No. 1 at 2, ¶ 5. As to the chief,
19 Plaintiff alleged only that the City hired him. *Id.* At best, the allegations suggest *respondeat*
20 *superior* liability, which is not a basis for liability under Section 1983. *See Monell*, 436 U.S. at 691.
21 Morever, a sporadic incident cannot establish *Monell* liability. *See Trevino v. Gates,* 99 F.3d 911,
22 918 (9th Cir. 1996). Plaintiff did not allege that the officers' conduct conformed to official practice,
23 policy, or custom. *See Karim-Panahi*, 839 F.2d at 624 (quoting *Shah v. County of Los Angeles*, 797
24 F.2d 743, 747 (9th Cir. 1986). Moreover, Plaintiff did not allege that the chief was present at the
25 incident or any other facts suggesting his personal involvement with a violation of Plaintiff's
26 constitutional rights. *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168 (1993).
27 Thus, the allegations as to the chief do not enable him to frame a response.

28 The court thus dismisses claims one, three, and five through nine against the City and chief

Order (C 10-02709 LB)
4

without prejudice and with leave to amend. For the reasons stated in the next two sections, claims two and four are dismissed with prejudice.

**C. Claim Four Is Dismissed Because It Duplicates Claim One**

Plaintiff's first claim alleges false arrest, and his fourth claim alleges police pursuit. Both claims incorporate by reference his factual allegations that the police pulled him over in his car for an unknown reason, he never learned why, and the police never mentioned a violation of the California vehicle code. Complaint, ECF No. 1 at 2-4, ¶¶ 10-13, 16, 22. Both claims implicate a person's Fourth Amendment right to be secure "against unreasonable searches and seizures." Plaintiff admits in his opposition to the motion that both claims address his being pulled over without explanation. ECF No. 11 at 4-5.

Plaintiff pleaded sufficient facts to state a claim for an unreasonable seizure. But claim four duplicates claim one, and the court dismisses it with prejudice.

**D. Claim Two is Dismissed Because It Duplicates Claim Three**

Claim two alleges use of deadly force, and claim three alleges use of excessive force. ECF No. 1, at 3-4, ¶¶ 18-21. Both claims incorporate by reference his factual allegations that a police dog and police officers attacked him for unknown reasons and without provocation, and that as a result, he suffered serious injuries to his upper body and bruising all over his body. Complaint, ECF No. 1 at 3-4, ¶¶ 14-15, 18, 20. Both incorporate his allegation that he never resisted, obstructed, or delayed an officer. *Id.* at 3, ¶ 15. Both claims implicate the Fourth Amendment's protection of an individual from unreasonable seizures and the use of excessive force to effect those seizures. *See, e.g., Graham v. Connor*, 490 U.S. 386, 394-96 (1989).[1] Plaintiff admits in his opposition to the motion that both claims address his being pulled over without explanation. ECF No. 11 at 4-5.

Plaintiff pleaded sufficient facts to state a claim for excessive force. An excessive force claim incorporates deadly and non-deadly excessive force. *See, e.g., Graham*, 490 U.S. at 394-95. Claim

---

[1] Whether the police violated the Fourth Amendment depends on the following: (1) in using force, did the officials "seize" Plaintiff within the meaning of the Fourth Amendment; and (2) if so, was it reasonable to seize Plaintiff and was the amount of force objectively reasonable. *See Graham,* 490 U.S. at 394-96 (1989); *Brower v. County of Inyo*, 489 U.S. 593, 595-600 (1989).

Order (C 10-02709 LB)

5

two duplicates claim three, and the court dismisses claim two with prejudice.

### E. Claim Five Is Dismissed Because It Pleads No Facts Beyond a Fourth Amendment Claim

In his fifth claim, Plaintiff incorporates all of the factual allegations and alleges that the police's conduct "shocks the conscience" in violation of the Fourteenth Amendment. Complaint, ECF No. 1 at 5, ¶¶ 24-25. Plaintiff clarifies in his opposition that his claim stems from the attack by the police dog and officers, for unknown reasons and without provocation, and without any resistance, obstruction, or delay by him. ECF No. 11 at 5.

A Fourteenth Amendment substantive due process claim generally can be made only when another constitutional amendment does not provide protection. *See, e.g., Chavez v. Martinez*, 538 U.S. 760 (2007); *id.* at 766-776 (Thomas, J.) (opinion of the Court regarding *Miranda* claim); *id.* at 777-779 (Souter, J.) (opinion of the Court regarding substantive due process claim); *County of Sacramento v. Lewis*, 523 U.S. 833, 843-44 (1998) (substantive due process rights governed a claim; no Fourth Amendment search or seizure occurred during police pursuit); *Albright v. Oliver*, 510 U.S. 266, 273 (1994); *Graham*, 490 U.S. at 393-395 (excessive force claim); *Bingue v. Prunchak*, 512 F.3d 1169, 1174-77 (9th Cir. 2008).

As it is pleaded here, Plaintiff's excessive force claim is one that is properly characterized as a Fourth Amendment claim. *See Graham*, 490 U.S. at 394. Plaintiff pleaded no facts suggesting that the Fourteenth Amendment prohibits particular conduct by Defendants not protected by the Fourth Amendment. Therefore, the Court dismisses Plaintiff's fifth claim without prejudice.

### F. Claims Six and Seven Are Dismissed With Leave To Re-Plead As One Claim

Claims six and seven insinuate – but do not state explicitly – that the police wrongfully arrested Plaintiff because of his race or national origin. *See* Complaint, ECF No. 1 at 5, ¶ 11 (Plaintiff is Spanish-speaking), 25 (word "minorities" in caption), 28 (words "selective enforcement" in caption). Plaintiff acknowledges the common factual predicates for the two claims in his opposition. Opposition, ECF No. 11 at 5-6.

The claims duplicate each other, and at minimum, Plaintiff must re-plead them as one claim. Also, Plaintiff did not allege that the police acted with the intent to discriminate against him based on his membership in a protected class. *See, e.g., Barren v. Harrington*, 152 F.3d 1193, 1194-95

Order (C 10-02709 LB)

(9th Cir. 1998); *see also* 42 U.S.C. § 1981 (prohibiting intentional discrimination based on race); *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1180 (9th Cir. 1998) (section 1981 claim). Accordingly, Plaintiff's sixth and seventh claims are dismissed without prejudice with leave to amend to plead as one claim with the proper allegations.

### G. Claim Eight Is Dismissed Because It Alleges No Facts About Denial of Police Protection

Claim eight incorporates all factual allegations and alleges a deliberate denial of police protection in violation of the Fourteenth Amendment. Complaint, ECF No. 1 at 6, ¶¶ 30-31. Plaintiff clarifies in his opposition that his claim stems from the attack by the police dog and officers, for unknown reasons and without provocation, and without any resistance, obstruction, or delay by him. ECF No. 11 at 6. Claim eight thus duplicates claim three's excessive force allegations. Moreover, a substantive due process violation based on a deliberate denial of police protection requires plaintiff to show that the police incarcerated or institutionalized him and then failed to provide for his well-being, or that the police affirmatively placed him in a dangerous situation. *See, e.g., DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 199-200 (1989); *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1059 (9th Cir. 1998); *Wang v. Reno*, 81 F.3d 808, 818 (9th Cir. 1996). Plaintiff alleged no facts suggesting a deliberate denial of police protection. The court dismisses the claim without prejudice.

### H. Claim Nine Is Dismissed For Failure to Allege A Conspiracy

Claim nine alleges a conspiracy but states only that Defendants had a "concerted unlawful and malicious conspiracy." Complaint, ECF No. 1 at 6-7, ¶ 33. A civil conspiracy to violate constitutional rights has the following elements: "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Ting v. U.S.*, 927 F.2d 1504, 1512 (9th Cir. 1991); *accord Woodrum v. Woodward County, Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989). Though there is no heightened pleading standard for conspiracy, still, Plaintiff must plead some facts that render his claim plausible. *See Twombly*, 550 U.S. at 570 ; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to avoid dismissal under Rule 12(b)(6)). Plaintiff's ninth

Order (C 10-02709 LB)
7

claim is dismissed without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss as follows.  The court dismisses the following claims without prejudice and with leave to amend: (A) claims ten through thirteen; (B) claims one, three, and five through nine against the City and police chief; (C) claim five; (D) claims six and seven with leave to amend to plead as one claim with the proper allegations about impermissible motive; and (E) claims eight and nine.  The court dismisses claims two and four with prejudice.

Any amended complaint shall be filed by October 11, 2010.  The hearing set for September 16, 2010 is **VACATED**.  A new case management conference is set for November 18, 2010, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: September 13, 2010

_____
LAUREL BEELER
United States Magistrate Judge